## MATICH v. CITY OF STRUTHERS.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided March 16, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**CRIMINAL LAW.**

(190 G)   On prosecution for keeping a gambling place, testimony as to whether proprietor knew gambling was going on, properly excluded.

(190 G)   On prosecution for keeping gambling place, it is competent to show position of pool table upon which alleged crap game was in progress, the condition of the light, and the position of the accused.

(190 G)   Evidence held sufficient to support conviction of maintaining place for gambling.

Error to Common Pleas.

Judgment affirmed.

J. G. Hartwell, Youngstown, for Matich.
Mark G. Myers, Struthers, for City of Struthers.

### STATEMENT OF FACTS.

Plaintiff in error was charged, in the Mayor's court of the City of Struthers, with permitting gambling in a pool room. The cause came on to be heard and resulted in a finding and judgment of guilty.

The charge is filed under the city ordinance which reads as follows:

Gambling. Sec. 1. Keeping or permitting place for. No person shall keep any room, building, arbor, booth, shed, tenement or place of business used or occupied for gambling, or knowingly permit the same to be used for gambling."

The plaintiff in error rented and occupied the premises at 142 Broad Street, City of Struthers, for a pool room and confectionery business. On the 12th day of October, 1926, A. E. Schrader, a public officer of the City of Struthers, stopped in said room and interrupted what is known as a "crap game," being conducted by Jimmie McAllister and some others. McAllister was found with certain dice in his possession. Later a charge was filed against the proprietor, with the result aforesaid.

FARR, J.

First, it is complained that competent testimony was rejected upon the trial below, and especially as shown at page 28 of the record, where the inquiry was made as to whether or not it would be possible for John Matich to know what was going on from his position in that pool room. This testimony and all of the same character was properly excluded by the trial court. It would have been competent to have shown the position of the pool table upon which the gambling was being conducted, the condition of the lights, the position of Matich, and then it was a question to be determined by the trial court as to whether or not it would be possible for the accused to know that gambling was being conducted in his pool room.

Next, it is insisted that there is a failure of proof that John Mattich knew that gambling was being conducted at the time in question. Officer Schrader says that as he went in Mattich was standing somewhere near the first pool table and that he heard a fellow call out "Put up the dice"; that he saw Jimmie McAllister and some other young fellow shaking dice on the table; that he made a run for the money and that he and Jimmie both grabbed for the dollar bill at the same time and it was torn in the scuffle, and Jimmie was arrested and taken to the police station, that there were about twelve people in the place altogether, that the proprietor was about twenty-five feet away; that he did not know whether the proprietor knew that gambling was going on.

McAllister says that he went into the place just ahead of the police officer and that he heard a fellow say "Shoot a dime," and that when he was in the act of shooting the dime the officer interrupted the game and arrested him; that he was only in the place a short time and that it would be necessary to be near the rear of the room before one could see what the boys were doing, and he thinks that the proprietor was about thirty feet away. However, the officer says that he saw them shaking the dice and that he could see that from the front end of the building. Then undoubtedly Matich could have seen because he was nearer to the players than the officer was when at the front end of the building.

Matich testifies that he did not see and did not know that the game was in progress.

This court would not be able to say that the judgment should be reversed on the weight of the evidence. For the reasons given it is affirmed.

Judgment affirmed.

(Roberts, J., concurs. Pollock, J., not sitting.)